CHRISTIANA DUNCAN widow of SETH DUNCAN *against* JAMES DUN-
CAN, SETH DUNCAN, MATTHEW DUNCAN, JOSEPH DUNCAN, WILLIAM
DUNCAN, ABNER DUNCAN, JOHN NICHOLSON and HANNAH his wife,
WILLIAM MOULDER and MARTHA his wife, JOHN DUNCAN, ADAM
DUNCAN, MARY DUNCAN and WILLIAM SCOTT, executor of SETH
DUNCAN.

The construction of a will must be gathered from its own words.

Where a devise to a widow is absolutely inconsistent with, and repugnant to her claim
of dower, she shall be put to her election; which shall only be determined by plain
and explicit acts, under a full knowledge of the circumstances of the testator and of
her own rights.

DOWER. The tenants pleaded three pleas. 1. They set forth
the last will of Seth Duncan, whereby he devised to his wife
Christiana the demandant, her feather bed and furniture there-
to belonging, a desk, a looking glass, a spining wheel, her saddle,
three common chairs, a walnut table, a cow of the value of 4*l.*,
kitchen furniture of the value of 3*l.*, together with the interest of
one third part of the price of his real estate when sold, for her sup-
port during her natural life.——He also directed, that all his estate
both real and personal should be sold, to the best advantage as soon
as convenient, and the before mentioned legacies taken out of the
same ; and after the decease of his wife, the said one third of his real
estate should be divided amongst five of his children particularly
mentioned; and if any of his children should die before they arrived
at the age mentioned for the payment of their legacies, or without
lawful issue, then their shares to be equally divided between the said
five children, or the survivors of them, or any of them ; which devises
and bequests to and in favor of the said Christiana in the last will and
testament of the said Seth, were in lieu and satisfaction of her dower,
and by the said Christiana accepted, elected and chosen in lieu and
satisfaction of her dower. 2. And for further plea, the said ten-
ants say, that the said Christiana Duncan together with John Bit-
tinger as guardians of Adam Duncan and Mary Duncan, minor chil-
dren of the said Seth Duncan deceased, on the 26th March 1795, did
petition the Orphan's Court of the said county of York, setting forth
the several lands and tenements whereof the said Seth died seized, and
that after making and publishing his last will aforesaid he, had further
lawful issue, the said Adam and Mary who survived their said father,
neither of whom was provided for in the said will, and praying
the said court to award an inquest to make partition of the said
lands and tenements, with the appurtenances, so as to allot, assign
and lay off unto the said Adam and Mary, one equal twelfth part
of the same lands and tenements, for the purparts and shares of

them respectively; but if partition could not be made as aforesaid, without injury to or spoiling of the whole, then to value and appraise the same.   Whereupon the said court then and there ordered, that a writ should issue to the sheriff of the said county, commanding him to go in his proper person to the lands and tenements aforesaid, with the appurtenances, and in the presence of the parties aforesaid or their guardians, (by him the said sheriff having been first warned, if upon being warned, they will attend,) and the same lands and tenements by the oaths or affirmations of twelve good and lawful men of his bailiwick, having respect to the true value of the whole of the said premises, to cause to be divided, so as to allot, assign and lay off to the said Adam and Mary, each, one equal twelfth part of the said lands and tenements, if the same can be so divided without injury to, or spoiling of the whole ; but if the same will not admit of such division, then to inquire into the true value of the whole of the said premises with the appurtenances undivided, and the said inquisition so openly and distinctly made, under his hand and seal and the hands and seals of the jurors aforesaid, together with the said writ, to return to the next Orphans' Court after making the said inquisition.   And afterwards, to wit, on the 23d June 1795, Godfrey Lenhart, esq., high sheriff of the said county, in pursuance of the said writ, made return to the said Orphans' Court, whereby it appeared by the oaths and affirmations of twelve good and lawful men of his bailiwick, that the said lands and tenements would not admit of such division as aforesaid, and that they had valued and appraised the same undivided at and for the sum of 1348l. 17s. 10d., which said valuation was then and there confirmed by the said court, and the lands and tenements aforesaid, with the appurtenances, were decreed by the said court to James Duncan, eldest son and heir at law of the said Seth Duncan, he paying to the widow and children of the said deceased their respective shares thereof, as then settled by the said court ; and the said court did then and there further order, that he the said Jame Duncan should pay to the said Christiana Duncan, the widow of the said deceased, yearly and every year during the term of her natural life, the sum of 26l. 5s. 7½d. in full of her right or claim of dower of and in the lands and tenements aforesaid, and that he the said James, upon making the several payments aforesaid, or giving good security for the same, should hold the said lands and tenements, with the appurtenances, in as full and ample a manner as the said Seth Duncan, his father, in his life-time, held and enjoyed the same, exonerated and discharged from the further claims of the said widow and children of the said deceased, and all persons

claiming, or to claim the same under them or any of them, as by the proceedings of the said court remaining of record in the said Orphans' Court will more fully appear. And the said tenants further in fact say, that the said James Duncan, by virtue of the said decree, entered into the lands and tenements aforesaid, with the appurtenances, and thereof became seized; and that the lands and tenements in the said petition, inquisition, and decree of the said Orphans' Court mentioned and appraised, were all the lands and tenements of which the said Seth Duncan died seized, and are the same lands and tenements mentioned in the writ of dower aforesaid; which said sum of 26$l.$ 5$s.$ 7$\frac{1}{2}d.$ so ordered and decreed to be paid by the decree of the said Orphans' Court, yearly and every year to the said Christiana Duncan, during her natural life, was in lieu of and in full satisfaction of her dower in the lands and tenements aforesaid in the said writ of dower mentioned, agreeably to the acts of assembly in that case provided. And all this they are ready to verify; wherefore they pray judgment, whether the said Christiana ought to have or maintain her said action thereof against them,&c.

The demandant replies, that the said devises, bequests, and sum of money, were not in lieu and satisfaction of her dower, and that the same were not accepted, elected, and chosen in lieu and satisfaction of her dower aforesaid, and this she prays may be inquired of by the country; and the tenants in like manner, &c.

There was likewise a third plea, on which an immaterial replication was filed, and a demurrer thereto.

Two witnesses were examined, to prove that the widow had received the specific articles devised to her by the will, shortly after her husband's death.

On the part of the demandant, it was asserted, that it was uncertain whether the devise to her was in lieu of dower. A rough draft of the will, in the testator's hand-writing, was therefore offered in writing, wherein the words " in lieu of dower " followed the devise to the widow; but these words being omitted in the will executed, evinced that the testator well knew the force of the expressions, and had left them out intentionally.

The court declared, they could not rule that this paper should be received in evidence. The will must be judged of *ex visceribus suis.* Here there is neither a latent nor patent ambiguity, in the language of Lord Bacon. (Ld. Bacon's Elements Reg. 23, pa. 99. 4to ed. vol. 2, pa. 371. Reg. 25. Powel's Introd. to

Powers 14, 15, 16.   Talbot's Cases 242.   Williams's Notes (*h.*)   But they thought very differently of the effect of the paper produced, and that it clearly appeared on inspection thereof, that the words were omitted by the unskillfulness of the scrivener, and not from any desire of the testator.   They therefore submitted to the adverse counsel, whether they would not consent that it should go to the jury, to which they readily agreed.

It was at length concluded on, that the court should finally determine the point whether the widow was entitled as well to her dower, as to the bequests under the will, and that no future action should be brought thereon, and three persons were appointed to value the rents and profits of the lands since the death of the testator.

The court said, this was clearly a case of election.   No difficulty can arise as to the intention of the testator.   Though the devise to the widow is not expressed " to be in lieu and satisfaction of dower, " yet it is absolutely inconsistent with and repugnant to such claim.   Ambl. 467, 482, 730.   She could not possibly have the interest of one third of the amount of sales of the whole lands during her life, and at the same time hold one third part of it unsold for her benefit.

As to the determination of her election, it must be by plain and explicit acts, under a full knowledge of the circumstances of the testator and of her own rights.   Her bare receipt of the specific articles devised to her, without something more, will not produce this effect; nor will her petition to the Orphan's Court as one of the guardians of the two children born after their father's making his will.   And it must be observed, that the law of 4th Geo. 3, passed 25th May 1764 (which governs this case, and is nearly in the same words as the late act of 19th April 1794) 3 Dall. St. Laws 532, S. C. 1 Ves. Jr. 335, only regards the wife after married, or child or children after born, and leaves the devisees under the will in the same state as formerly.   Consequently the Orphans' Court could not consider the husband in the present instance as having died intestate, and the widow entitled to the yearly interest of one third part of the appraisement of the real estate during life, in lieu of her dower.   The demandant therefore is still at liberty to demand her dower, and may have her election.   This case is not so strong in its circumstances as that of Wake *v.* Wake, where such privilege was allowed to the widow.   3 Bro. Cha. Ca. 255.

Verdict for the demandant.

Messrs. Duncan and Clark, *pro quer.*
Messrs. Bowie and Hamilton, *pro def.*