Per Curiam.

Two questions arise in this case:
1. Supposing, in the devise to Wolcott, the testator had expressly described the land devised as wild or uncultivated, what estate would W. have taken by the will ?
A devise is always intended for the benefit of the party. But it is very certain that a life estate in wild land cannot be considered as of any value. No one would undertake the bringing of it into a state of cultivation, waste being out of the question, if his estate might be determined before he should be reimbursed his labor and expense. The inference, then, is clear, that a devise of such land, without words of inheritance, carries a fee. This was, in fact, the whole ground of the decision in Ridgway vs. Parker; and that decision, founded as it was in reason and good sense, is a precedent for the case before us.
2. Is it competent to prove this circumstance, and thus affect the construction of the devise ?
Parol averments are admitted to aid the exposition of a written will, not only where there is an ambiguity as to the person, as where there are two persons of the same name, but as to the sub *305 ject matter of the devise, as where there are black-acres. Averments are also received of facts which were known to the testator, and which may be reasonably presumed to have influenced him in the disposition of his property. On this ground, we think the evidence of the situation of the land devised to Wolcott is admissible.
Upon the whole matter, it is our opinion that Wolcott took an estate in fee, and that the demandants have not maintained their action, (a)

Demandants nonsuit.

*306 Additional note.
[Devise of all the testator’s back 'lands. Held, parol evidence was admissible, that certain lands of his were called and known by this title, by the testator, his family, and neighbors. — Ryerss v. Wheeler, 22 Wend, 148.—F. H.]

 [Nothing is better settled than that, where no words of limitation are added to a devise, and there are no other words from which an intention to give an estate of inheritance can be collected, the devisee will take an estate only for life. — Cruise’s Dig., tit. 38, c. 13, sec. 9, 3d ed. — 2 Powell's Dev. by Jarman, 377, and the numerous cases there cited. — Jackson, ex Dem. Newkirk, vs. Embler, 14 Johns. 198.— Jackson, ex Dem. Welles, vs. Welles, 9 Johns. 222. — Ferris Al. vs. Smith Al. 17 Johns. 221. — Hall Al. vs. Goodwin, 2 Nott & M’Cord, 383.— Clayton vs. Clayton, 3 Binn. 476. — Steele vs. Thomson, 14 Serg. Rawle, 84. — Moobery vs. Marye, 2 Munf. 453. — And where there is no ambiguity, extrinsic evidence is inadmissible to alter the legal construction of the words, or to affect a legal presumption arising from the construction. — 1 Rob., Wills, 3d ed. pp. 566,568, 565. — Ram. on Wills, p. 31. — 1 Powell on Dev. 3d ed. 466.—Roper, Leg. 3d ed. pp. 74, 89, 92, 227. — Lovelass, 11th ed. p. 191. — 1 Phill. Ev. 7th ed. pp. 538, 566, and the numerous cases cited and referred to in these text-books. — Doe vs. Fildes, Cowp. 833. — Goodtitle vs. Edmonds, 7 D. & E. 635. — Doe vs. Dring, 2 Maul & Selw. 448. — Denn vs. Gaskin, Cowp. 657. — Brown vs. Selwin, Cas. Temp. Talb. 240. — 4 Bro.P. C. 179. — Mann vs. Mann, 3 John. Ch. C. 231. — Doe vs. Oxcnden, 3 Taunt. 141. — Doe vs. Brown, 11 East, 441. — Druce vs. Dennison, 6 Ves. 397. — Lane vs. Stackpole, 6 D. & E. 354. — Doe vs. Kelt, 4 D. & E. 601.— Clayton vs. Clayton, 3 Binn. 496.— Duncan vs. Duncan, 2 Yeates, 302. — Avery vs. Chappel, 6 Conn. R. 270. — Richards vs. Dutch, 8 Mass. Rep. 506. —The case in the text, upon the words of the will, is free from ambiguity, and admits of no doubt. The legal construction is so plain and well settled that parol proof is wholly inadmissible. “ The rule of law,” says Lord Mansfield, “ is established and'certain, that express words of limitation, or words tantamount, are necessary to pass an estate of inheritance. ‘ All my lands in such a place ’ is not sufficient.” — Right vs. Sidebotham, Doug. 763.—Doe vs. Allen, 8 D. & E. 502. — 2 Preston on Est. 196, 201. — “A will,” says the same learned judge, “ shall be construed by what appears on the face of it, and not upon circumstances, or matter extrinsic. Where the testator uses no words of limitation, there the rule of law in the case of grants and deeds, that without words of limitation it shall be for life, and for life only, takes place.” —Doe vs. Fildes, Cowp. 840, 841. — But, further, the rule of law is peremptory that the heir shall not tie disinherited, unless by plain and cogent inference arising from the words of the will. — Doe vs. Dring, 2 M. & S. 454.—“ If the intention of the testator is doubtful,” says Lord Mansfield, “the rule of law must take place.” Loveacres vs. Blight, Cowp. 355.—So in Kellett vs. Kellett, (3 Dow. 248,) it was laid down by Lords Redesdale and Eldon, as a clear rule of law, that if the court cannot find words sufficient to carry a fee, though they themselves be satisfied beyond the possibility of a doubt, as to what the intention of the party was, they must adhere to the fixed legal construction, because the heir cannot be disinherited, except by express words, or necessary implication.—2 Prest. Est. 196,160. — It is said by the Court, in the case in the text, that “ A life estate in wild land cannot be considered of any value ; and that the inference is clear, that a devise of such land*, without words of inheritance, carries a fee.” Both the premises and the conclusion are denied. A life estate in such land is valuable. The Court say, “ No one would undertake the bringing of it into a state of cultivation, waste being out of the question, if his estate might be determined before he should be reimbursed his labor and expense.” But how does it appear that great profit might not be derived, over and above the labor and expense of cultivation, even during the life estate? The case finds that the lands “ were in a *306 state of nature, uncultivated., and covered with woods and brush.’ But whether there were any, or how many, timber trees, does not appear. And it does not appeal that they could not be easily subjected to cultivation; nor is it quite clear that by so doing the tenant would be chargeable with waste, as it could be no damage, but a benefit, to the inheritance. — Governors, &c., Harrow School vs. Alderton, 2 B. & P. 87. — Hastings vs. Crunkleton, 3 Yeates, 261. — Jackson vs. Andrew, 18 Johns. 431.— But if the lands could not be subjected to cultivation, jet some advantage might be derived from them. It is true that the court;. of this commonwealth have regarded a life estate in such lands to be worthless. — Conner vs. Shepherd, 15 Mass Rep. 164.— Webb vs. Townsend, 1 Pick. 21. — But these decisions were founded on the assumption of what is not true, namely, that a tenant for life can derive no possible benefit from such lands without committing waste. What is waste, in this country, is a question not entirely free from difficulty. It may often depend on another question, equally unsettled, namely, what are timber trees. The law upon this subject, throughout England, is not uniform. And the English law is not strictly applicable here.—Hastings vs. Crunkleton, 3 Yeates, 261.—Findlay vs Smith, 6 Munf. 134. — Jackson vs. Brownson, 7 Johns 227. — Jackson vs. Sellick, 8 Johns. 262. — Ballentine vs. Poyner, 2 Hayw. 110. — Parkins vs. Cox, 2 Hayw. 339. — Elliot vs. Smith, 2 N. H. Rep. 430. — According to the cases last referred to, it is clear that a tenant for life may, to a certain extent, cut wood from waste lands, and derive considerable benefit therefrom, without incurring a charge of waste. But if it should be admitted that a life estate in such lands, unless held without impeach ment for waste, were of no value, it would not necessarily follow that, by a devise of them, the testator intended to pass a fee. It might, with as much reason at least, be presumed that he intended to give a life estate, without impeachment for waste, if it were allowable, to the condition of the lands, at all to discover his intent. But whatever may be the condition of the premises devised, and whether a life estate in them be valuable or worthless, since the language of the will, interpreted by the settled rules of construction, is intelligible, clear, and unequivocal, the intention of the testator must be collected only from the expressions used on the face of it. Otherwise, to use the words of Lord Hale, “ how could there be any certainty ? A will would be any thing, every thing, nothing.’’ — 1 Mod. 310, Fry vs. Porter. — “If we-once travel into the affairs of the testator, and leave the will, says Lord Holt, we shall not know the mind of the testator by his words, but by his circumstances.”— Cole vs. Rawlinson, 1 Salk. 234. — If the intention of the testator, from facts dehors the will, appear to have been to give an estate in fee, and by the will, upon a legal construction of the words of it, an estate for life only is given, it can only be said, Quod voluit non dixit. It is said by the court, that averments are received of facts which were known to the testator, and which may reasonably be presumed to have influenced him in the disposition of his property. But no authorities are cited to show that such averments dehors the will have ever been allowed, in a case like this, to show the intent of the testator, except the case of Ridgway vs. Parker, referred to by Parsons, C. J. If this case be correctly reported in the note, the decision was clearly wrong; and the reasons given for it would quite as well have maintained a decision directly the reverse of that which it is said the court pronounced.—Ed.]